IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Brett Gibson,<br><br>         Plaintiff,<br><br>v.<br><br>Chad Beach and John Doe, each individually and as employees/agents of Williams Brothers Trucking, Inc.; Rolo Jermaine Foster, individually and as employee/agent of Travis Yost d/b/a TY Transport; Williams Brothers Trucking, Inc.; and Travis Yost d/b/a TY Transport,<br><br>         Defendants. | Civil Action No. 2:20-964-BHH<br><br>**ORDER** |

      This matter is before the Court upon the following motions: Plaintiff Michael Brett Gibson's ("Plaintiff" or "Gibson") motion for default judgment as to Defendant Rolo Jermaine Foster ("Foster"); Gibson's motion for a hearing on damages in connection with his motion for default judgment against Foster; and Defendants Chad Beach ("Beach") and John Doe ("Doe"), individually and as employees/agents of Williams Brothers Trucking, Inc., and Williams Brothers Trucking's ("Williams Brothers") (collectively referred to as "the moving Defendants") motion for summary judgment. For the following reasons, the Court grants the moving Defendants' motion for summary judgment as to Defendant Beach; denies the moving Defendants' motion for summary judgment as to Defendants Doe and Williams Brothers; denies Plaintiff's motion for default judgment as to Defendant Foster without prejudice; and denies Plaintiff's motion for a hearing without prejudice.

**BACKGROUND**

Plaintiff initially filed this action on February 25, 2020, in the Colleton County Court of Common Pleas, arising out of a "motor vehicle on bicycle collision" that occurred on February 28, 2017 on U.S. highway 17. (ECF No. 1-1 at 6.) Specifically, Plaintiff alleges that he was lawfully riding his bicycle north on U.S. 17 when "Defendant Foster and/or Doe was not paying attention, not staying in his lane, and/or following too closely, and struck Plaintiff from behind."[1] (ECF No. 1-1 at 6.) Plaintiff alleges that Defendants Foster and Doe ("Defendant drivers") were both driving large commercial trucks north on U.S. 17, on behalf of Defendants Travis Yost d/b/a TY Transport ("TY Transport") and Williams Brothers, respectively, and that both Foster and Doe left the scene of the accident. Importantly, despite alleging that Foster "and/or" Doe struck him, nowhere does Plaintiff specifically allege that more than one truck struck him.[2] As to Defendant Beach, Plaintiff alleges that he was manager or general manager for Williams Brothers and was responsible for driver screening, hiring, supervising, and/or safety with respect to Defendant Doe. In his complaint, Plaintiff alleges claims for negligence and gross negligence on

---

[1] Plaintiff previously filed suit on May 11, 2017, in the Charleston Count Court of Common Pleas against "John/Jane Doe, individually and as Employee/Agent of Unknown Corporation; and Unknown Corporation," No. 2017-CP-10-2334, and the complaint in this action was amended to include the following Defendants: Rolo Jermaine Foster, as employee/agent of Unknown Corporation; Unknown Corporation; John Doe, as employee/agent of Travis Yost d/b/a T.Y. Transport; Travis Yost d/b/a T.Y. Transport; John Doe, as employee/agent of D. Mosley Trucking, Inc.; D. Mosley Trucking, Inc.; John Doe, as employee/agent of D.C. Express, Inc. d/b/a D.C. Express; D.C. Express, Inc. d/b/a D.C. Express; John Doe, as employee/agent of Nancy Karina Pimental Salazar d/b/a Elvis Xpress Freight; Nancy Karina Pimental Salazar d/b/a Elvis Xpress Freight; John Doe, as employee/agent of Williams Brothers Trucking, Inc.; and Williams Brothers Trucking, Inc." This action was dismissed without prejudice on March 21, 2019.

Plaintiff also filed suit on June 12, 2018, in the Charleston County Court of Common Pleas against Chris Lee Wilson, individually and as employee/agent of Jordan Carriers, Inc., and Jordan Carriers, Inc., No. 2018-CP-10-2964. This suit was dismissed with prejudice on April 13, 2020.

[2] As indicated above, Plaintiff's complaint refers to the accident as a "motor vehicle on bicycle collision," and he does not assert that more than one vehicle struck him.

2

behalf of all Defendants.

On April 17, 2020, an entry of default was entered as to Defendant Foster, and on May 14, 2020, Defendant TY Transport was dismissed with prejudice pursuant to a filed stipulation of dismissal. (ECF Nos. 13 and 14, respectively.) Thereafter, on June 9, 2020, Plaintiff filed a motion for default judgment as to Defendant Foster. Defendants Beach, Doe, and Williams Brothers filed their motion for summary judgment on August 27, 2020, and Plaintiff filed a motion for a hearing on his motion for default judgment on September 3, 2020.

## STANDARD OF REVIEW

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

I.    **The Moving Defendants' Motion for Summary Judgment**

In their motion for summary judgment, the moving Defendants first assert that

3

Plaintiff's complaint improperly alleges alternative material facts and is based on nothing more than mere speculation because "Plaintiff's shotgun approach in the multiple law suits filed against six trucking companies as a result of one accident involving one truck amounts to a guessing game at best." (ECF No. 22 at 8.) Next, the moving Defendants allege that the facts and evidence confirm Williams Brothers' lack of involvement in the accident as a matter of law. Third, the moving Defendants assert that the Clerk's entry of default as to Defendant Foster mandates summary judgment in their favor because it eliminates any issue of liability, insofar as Defendant Foster is deemed to have admitted the factual allegations of the complaint, i.e., that he struck Plaintiff. Lastly, the moving Defendants allege that Beach is an improper party to this action because Plaintiff does not allege any negligence on the part of Beach outside the course and scope of his employment with Williams Brothers.

In response to the moving Defendants' motion, Plaintiff asserts that summary judgment is premature because discovery is ongoing. In addition, Plaintiff asserts that he does not improperly allege alternative material facts and that, regardless, the law permits him to plead alternative theories and facts. Next, Plaintiff asserts that a genuine issue of material fact exists as to which truck struck Plaintiff. Plaintiff also asserts that the entry of default against Defendant Foster does not eliminate the moving Defendants' potential liability because (a) no judgment as been entered against Foster and (b) any judgment that may be entered would not be a decision on the merits. Finally, Plaintiff asserts that Defendant Beach is a proper party because under South Carolina law a manager can be individually liable.

After review, the Court first agrees with the moving Defendants that Defendant

Beach is entitled to summary judgment, not based on whether South Carolina law permits a manager to be individually liable, but rather based on the simple fact that Plaintiff has not pointed to even a scintilla of evidence to show that Defendant Beach's negligent conduct in some way caused Plaintiff's injuries, i.e., Plaintiff has not pointed to any evidence to show that Defendant Beach negligently hired, retained, or trained the driver of the Williams Brothers truck, and that this negligence proximately caused the accident at issue. Instead, Plaintiff merely refers to the allegations of his complaint, asserting that Beach is a general manager for Williams Brothers, whose driver may have struck Plaintiff. Even viewing these allegations in the light most favorable to Plaintiff and assuming their veracity, however, Plaintiff has not pointed to any evidence that creates a genuine issue of material fact as to Defendant's Beach's liability. Accordingly, the Court grants the moving Defendants' motion for summary judgment as to Defendant Beach.

Next, as to the remainder of the moving Defendants' arguments, the Court is not convinced. Although the moving Defendants are correct that Plaintiff has pleaded alternative facts, the Court finds nothing improper about this, at least at this stage in the litigation. Moreover, as to Defendants' assertion that the evidence confirms Williams Brothers' lack of involvement, the Court agrees with Plaintiff that the evidence actually presents a genuine issue of material fact. While the moving Defendants are correct that certain evidence appears to indicate that a red-cabbed flatbed trailer struck Plaintiff–not the Williams Brothers white-cabbed box trailer–it simply cannot be said that no other evidence calls into question the involvement of the Williams Brothers truck. For example, an investigating officer identified the Williams Brothers box truck as being at the scene, and a different eyewitness indicated that a box truck (like the Williams Brothers truck), rather

than a flatbed, struck Plaintiff. While this eyewitness also indicated that the box truck had lights along the upper back corners of the trailer and running lights down the side (and the Williams Brothers truck does not have these lights but does have reflective tape at the upper sides), it is not the Court's role to weigh the evidence or determine the accuracy and/or credibility of a witnesses' account. Ultimately, because the Court finds that the record, at least as it currently stands, contains sufficient evidence to create a genuine issue of material fact as to the involvement of the Williams Brothers' truck, the Court denies the moving Defendants' motion for summary judgment as to Defendants Williams Brothers and Doe.

Lastly, the Court is not convinced by the moving Defendants' argument that the entry of default against Defendant Foster mandates the entry of summary judgment against the remaining Defendants. As Plaintiff points out, no judgment has been entered and Defendant Foster still could appear in this action and move to set aside the entry of default. Accordingly, the Court finds that the moving Defendants are not entitled to summary judgment based on the entry of default against Defendant Foster.

**II.     Plaintiff's Motion for Default Judgment against Foster and Motion for Hearing**

After review, the Court agrees with the remaining Defendants that it would be premature for the Court to hear and/or grant Plaintiff's motion for default judgment as to Defendant Foster without first allowing Plaintiff's claims against the remaining Defendants to proceed to a jury trial. *See* Fed. R. Civ. P. 55(b)(2). Stated plainly, Plaintiff does not allege that two trucks struck him; rather, he alleges that one did. If a jury were to find that the Williams Brothers truck *did not* strike Plaintiff, then Plaintiff could proceed to a damages hearing against Defendant Foster. If, on the other hand, a jury were to determine that the

Williams Brothers truck *did* strike Plaintiff, then it would be difficult if not impossible for Plaintiff to establish the truth of the allegations as to Defendant Foster in connection with any default judgment hearing. *See* Fed. R. Civ. P. 55(b)(2)(C). Of course, this all depends on the outcome of the proceedings against the remaining Defendants. Therefore, at this time, the Court denies *without prejudice* both Plaintiff's motion for default judgment and Plaintiff's motion for a hearing.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for default judgment and Plaintiff's motion for a hearing (ECF Nos. 17 and 23, respectively) are denied without prejudice. Defendants' motion for summary judgment (ECF No. 22) is granted in part and denied in part. Specifically, the Court grants the motion as to Defendant Beach but denies the motion as to Defendants Doe and Williams Brothers.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 11, 2021
Charleston, South Carolina